# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**BRITTEN G. SMITH, # 156247**                                                              **PLAINTIFF**

**VS.**                                                **CIVIL ACTION: 1:18cv404-LG-RHW**

**STEVEN STIELER,** *et al.*                                                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court is [16] a March 5, 2019 motion to dismiss, or for summary judgment filed by Defendants Michael Hauler, Bruce Archebelle, Brad Sumrall and Zachary Couey[1] in this *pro se* prisoner civil rights lawsuit filed by Britten G. Smith. Movants, all of whom are officers with the Gulfport Police Department, urge they are entitled to dismissal or summary judgment on grounds that Smith's claims against them are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff has filed no response to the motion.

### Facts and Procedural History

This is the second time Smith has filed this lawsuit. On June 7, 2017, Smith filed Civil Case 1:17cv170-LG-RHW, a virtually identical action, against Mike Hauler, Steven Stieler, Zachary Couey and Brad Sumrall. He voluntarily dismissed Stieler from that case, and the undersigned subsequently issued a Report and Recommendation (R&R) that the 2017 case be dismissed for his failure to keep his address current, to comply with the court's order or to appear for a duly scheduled omnibus/screening hearing. On April 30, 2018, the District Judge adopted the R&R, and entered final judgment dismissing the 2017 case without prejudice. Smith filed the present action on December 20, 2018. Both lawsuits arise from Smith's May 27, 2016 arrest

---

1 Plaintiff spells this defendant's name "Coeuy;" the Court uses the spelling provided by the officer.

for stealing an automobile, and for misdemeanors associated with the arrest. Smith alleges Officer Couey followed him west on 28th Street in Gulfport until Smith pulled into a driveway at 19342 28th Street in Long Beach, MS. He claims Couey was "out of jurisdiction" when Couey pulled in behind him and ordered him out of the car he was driving.[2] Smith says he got out of the car, put his hands on his head and was turning as instructed when Officer Hauler released K-9 police dog Tiara[3] on him. He alleges Hauler punched and kicked him while the dog bit him, Sumrall tased him, and Officers Stieler, Schultz[4] and Archebelle witnessed these events and "gave statements backing each other up." [1, p. 4] Smith was booked at the station and taken to the hospital for treatment of his injuries. He alleges video of the incident supports his claims.

Smith was arrested for felony taking of a motor vehicle, as well as three misdemeanors arising out of the arrest: resisting arrest, maliciously striking/kicking a public service animal (Tiara), and disorderly conduct and failure to comply with orders of law enforcement officers. [16-3], [16-4] Gulfport Municipal Court records establish that Smith pled guilty to all three misdemeanors on May 31, 2016, and he was indicted on February 20, 2017 for felony taking a motor vehicle. [16-5], [16-6], [16] The Mississippi Department of Corrections (MDOC) website indicates that theft taking a motor vehicle is one of the convictions for which Smith is

---

[2] The description of the car is the same in the incident report Smith attached to his first lawsuit and the indictment presented by Movants in this case. [16-7] The incident report states Stieler responded to a 3:22 a.m. report of a stolen car; Couey saw the car at 3:29 a.m. and followed it westbound on 28th Street. Smith was arrested at 3:34 a.m. [16-3]
[3] On January 24, 2019, the District Judge dismissed the action against the dog as frivolous and failing to state a claim on which relief may be granted. [8]
[4] Neither Stieler nor Schultz was served with process in this action. Initial summons [10] was returned unexecuted February 22, 2019 noting that Schultz was on military leave and Stieler was no longer employed by Gulfport Police Department. [14] Smith failed to respond to Order [15] requiring him to provide an alternative address for Stieler or the case might be dismissed as to him. Summons reissued April 4, 2019 for Schultz [19] was returned unexecuted April 11, 2019, again noting that he was on military leave. [21]

presently incarcerated, serving three-year sentences imposed on April 3, 2017 (for car theft and burglary) and March 25, 2019 (for burglary). His tentative release date is June 26, 2024.

## Summary Judgment Standard

Under FED.R.CIV.P. 56, summary judgment is required "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Material facts are those which affect the outcome of the suit under governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorably to the non-moving party, but the burden of proof is on the party who has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986); *Abarca v. Metropolitan Transit Authority,* 404 F.3d 938, 940 (5th Cir. 2005). Movant must identify those portions of pleadings and discovery on file and any affidavits which he believes demonstrate the absence of a genuine issue of material fact. When the moving party has carried his burden, the non-movant must set forth specific facts showing there is a genuine issue for trial by either submitting opposing evidentiary documents or referring to evidentiary documents already in the record which demonstrate the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324-325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response"); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts"). Conclusory allegations,

unsubstantiated assertions or the presence of a scintilla of evidence, do not suffice to create a real controversy regarding material facts.  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

<u>Law and Analysis</u>

Movants contend they are entitled to dismissal or summary judgment based on *Heck v. Humphrey*, 512 U.S. 477 (1994), which precludes a claim for monetary damages under 42 U.S.C. § 1983 that essentially challenges the plaintiff's conviction or imprisonment.

> [I]n order to recover damages for … harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed… expunged … declared invalid … or called into question by a federal court's issuance of a writ of habeas corpus….   [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated.   But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed[.]

*Heck*, 512 U.S. at 486-87, as quoted in *Daigre v. City of Waveland*, 2012 WL 12885098 (S.D. Miss. September 25, 2012).  *See also Hudson v Hughes*, 98 F.3d 868, 872 (5th Cir. 1996); *Walker v. Munsell*, 281 F.App'x 388, 390 (5th Cir. 2008), citing *DeLeon v. City of Corpus Christi,* 488 F.3d 649, 656–57 (5th Cir.2007) (holding *Heck* barred an excessive force claim of one who claimed he did not resist arrest and did nothing wrong).

Smith complains Couey was "out of jurisdiction" when he arrested Smith, and alleges although he did nothing wrong and complied with officers' orders he was attacked by K9 Tiara and other officers.  The latter assertions are directly contradicted by Smith's guilty pleas to resisting arrest by fighting with officers and the K9, striking and kicking K9 Tiara, and failing to

comply with orders of law enforcement officers.  [16-4], [16-5]   Because the undersigned finds a judgment in Smith's favor in this case would necessarily imply the invalidity of his convictions, his claims are precluded under *Heck*'s favorable termination requirement.  *Heck*, 512 U.S. at 486-487; see also *Easterling v. Logazina*, 2011 WL 213472, at *1 (S.D. Miss. January 21, 2011).

## RECOMMENDATION

The undersigned recommends that summary judgment be granted; Smith's claims against Hauler, Archebelle, Sumrall and Couey be dismissed; and since his claims against the unserved Defendants are the same, the undersigned recommends that this case be dismissed in its entirety.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after service of a copy of this Report and Recommendation (R&R) a party may file with the Clerk of Court, and serve upon on the other party/parties, written objections to the R&R, specifically identifying the findings, conclusions, and recommendations to which he objects.  *L.U.Civ.R.* 72(a)(3).   The District Court need not consider frivolous, conclusive, or general objections.   Within seven days after service of objections, the opposing party/parties must either serve and file a response or notify the district judge they do not intend to respond to the objections.   Absent timely objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 23rd day of October 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE